UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

SIMON MENDEZ,

|  |  | **REPORT** |
|---|---|---|
| | Plaintiff, | **and** |
| v. | | **RECOMMENDATION** |

REGISTERED NURSE BARLOW,          04-CV-1030S(F)
D. BUYN,
D. KHAM, M.D., and
D. NELLIST, R.N.,

                              Defendants.

─────────────────────────────────

APPEARANCES:        SIMON MENDEZ, *Pro Se*
                    03B2779
                    Eastern Correctional Facility
                    Institution Road
                    Box 338
                    Napanoch, New York 12458

                    AUGELLO & MATTELIANO, LLP
                    Attorneys for Defendants
                    JOSEPH A. MATTELIANO, of Counsel
                    17 Court Street
                    Suite 200
                    Buffalo, New York 14202


## JURISDICTION

This case was referred to the undersigned by Honorable John T. Elfvin, on June 13, 2006, for pretrial matters, including report and recommendation on dispositive motions.  The matter is presently before the court on Defendants' motion to dismiss (Doc. No. 26), filed January 24, 2007.

## BACKGROUND and FACTS[1]

Plaintiff Simon Mendez ("Plaintiff"), commenced this civil rights action pursuant to 42 U.S.C. § 1983 on December 27, 2004, asserting Defendants denied him necessary medical care for injuries Plaintiff sustained on June 123, 2003 when Plaintiff fell while exiting the shower area of the Monroe County Jail where Plaintiff was then incarcerated. Sued as Defendant was Monroe County Hospital.  An Amended Complaint (Doc. No. 5) ("Amended Complaint), filed July 5, 2005, names as defendants members of the Monroe County Jail medical staff, including Registered Nurse Barlow ("Barlow"), D. Buyn ("Buyn"), D. Kahm, M.D. ("Dr. Kahm"), and D. Nellist, R.N. ("Nellist").[2] Defendants' Answer (Doc. No. 9) was filed on March 24, 2006.

On January 24, 2007, Defendants filed a motion to dismiss for failure to state a claim (Doc. No. 26) ("Defendants' Motion"), attached to which are supporting papers, including the Affidavit of Joseph A. Matteliano, Esq. ("Matteliano Affidavit"), and exhibits A through C ("Defendants' Exh(s). __").  In opposition to Defendants' Motion, Plaintiff filed on February 9, 2007, Plaintiff's Reply and Opposition to Defendant's Motion to Dismiss and Affidavit in Support (Doc. No. 30) ("Plaintiff's Response"), attached to which are the Affidavit from Plaintiff ("Plaintiff's Affidavit") and exhibit A ("Plaintiff's Exhibit").

In further support of Defendants' Motion, Defendants filed on March 15, 2007, the

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

[2] The action was discontinued as against Monroe County Hospital ("the Hospital"), named as a Defendant in the original complaint, on July 5, 2005, when the Hospital was not named as a Defendant in the Amended Complaint.

Reply Affidavit of Joseph A. Matteliano, Esq. (Doc. No. 32) ("Matteliano Reply

Affidavit").  On March 28, 2007, Plaintiff filed a Reply in Further Opposition to

Defendant's Reply and Motion to Dismiss (Doc. No. 33) ("Plaintiff's Sur-Reply").  Oral

argument was deemed unnecessary.

Based on the following, Defendants' Motion should be DENIED.


## DISCUSSION

Defendants seek dismissal of the complaint under Fed. Rule Civ. P. 12(b)(6) for

failure to state a claim on the basis that Plaintiff failed to exhaust his administrative

remedies, as required under the Prison Litigation Reform Act of 1995 ("the PLRA"), 42

U.S.C. § 1997e(a), prior to commencing this action.  Plaintiff argues in opposition that

he attempted to exhaust the claim, but that Plaintiff's inability to communicate in English

rendered him unable to grieve his claim in compliance with the Jail's grievance

procedure, Plaintiff's Response ¶¶ 14-22;Plaintiff's Reply ¶¶ 4-6, and that Plaintiff's

attempts to alert Defendants' to his claims through informal letters written by Plaintiff are

sufficient to satisfy the PLRA's exhaustion requirement.  Plaintiff's Reply ¶¶ 7-10.

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim,

the court looks to the four corners of the complaint and is required to accept the

plaintiff's allegations as true and to construe those allegations in the light most favorable

to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Village Pond, Inc. v.

Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 117 S.Ct. 50 (1996);  *Hill

v. City of New York*, 45 F.3d 653, 657 (2d Cir. 1995).  The court is required to read the

complaint with great generosity on a motion to dismiss.  *Yoder v. Orthomolecular*

*Nutrition Institute*, 751 F.2d 555 (2d Cir. 1985).  The complaint may be dismissed only

where "it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief.*"  Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d

40, 44 (2d Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The issue

is not whether a plaintiff is likely to prevail ultimately, "but whether the claimant is

entitled to offer evidence to support the claims.  Indeed it may appear on the face of the

pleading that a recovery is very remote and unlikely but that is not the test."  *Weisman*

*v. LeLandais*, 532 F.2d 308, 311 (2d Cir.1976) (quoting *Scheuer*, *supra*, at 236).

Although a motion to dismiss under Rule 12(b)(6) is to be decided solely on the

allegations of the complaint, in the instant case, Defendants rely in support of their

motion on matters outside the pleadings, including various affidavits, the Monroe

County Jail and Correctional Facility Inmate Handbook ("the Inmate Handbook"), and

assorted forms completed in connection with Plaintiff's imprisonment in the Monroe

County Jail.   Rule 12(b)(6) provides that where matters outside the pleadings are

presented to and not excluded by the court, the court may treat a party's motion to

dismiss under Fed.R.Civ.P. 12(b)(6) as one for summary judgment and disposed of as

provided by Fed.R.Civ.P. 56.  *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42,

48 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992).  Further, *sua sponte* conversion of

a motion to dismiss for failure to state a claim into a motion for summary judgment is

appropriate only if the opposing party has sufficient notice and an opportunity to

respond.  *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995) (citing *In*

*re G. & A. Books, Inc.*, 770 F.2d 288, 294-95 (2d Cir. 1985), *cert. denied*, 475 U.S. 1015

(1986)).  Where the party moving to dismiss has included in the motion papers

4

information not found in the pleadings, provided the "plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of transforming a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Cortec Industries*, *supra*.

Although there is evidence in the record suggesting Plaintiff had received a copy of the Inmate Handbook, which provides the inmate grievance procedure, Matteliano Affidavit ¶¶ 4, 7, and Defendants' Exhs. A and B, Plaintiff's allegations in the Amended Complaint do not suggest that Plaintiff relied on the Inmate Handbook in drafting the pleadings.  It would thus be erroneous to convert Defendants' motion to one for summary judgment without first advising Plaintiff of the intent to convert and providing Plaintiff an opportunity to respond.  This issue is, however, merely academic insofar as the undersigned is recommending that Defendants' motion be denied.

In particular, the Supreme Court has held that an inmate's failure to exhaust administrative grievance procedures as required under the PLRA is an affirmative defense.  *Jones v. Bock*, __ U.S. __, 127 S.Ct. 910, 921-22 (2007).  As such, an inmate is not required to specifically plead or demonstrate exhaustion in his civil rights complaint, and a defendant's failure to assert in the answer failure to exhaust as an affirmative defense results in a waiver of such defense.  *Id*.

In the instant case, the Answer, filed on behalf of all Defendants, is devoid of any assertion that Plaintiff failed to exhaust the administrative remedies available in connection with the claims Plaintiff raises in this action.  As such, Defendants have waived the affirmative defense of failure to exhaust and the Amended Complaint may not be dismissed on this ground.

As the undersigned is recommending that Defendants' Motion should be DENIED based on Defendants' failure to assert failure to exhaust as an affirmative defense, Plaintiff's argument in opposition to Defendants' Motion, *i.e.*, that an inability to communicate in English rendered Plaintiff unable to grieve his complaint in compliance with the grievance procedure set forth in the Inmate Handbook, will not be addressed.

## CONCLUSION

Based on the foregoing, Defendants' Motion (Doc. No. 26) should be DENIED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    December 12, 2007
           Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an**

**extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      December 12, 2007
            Buffalo, New York