UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SIMON MENDEZ, 03-B-2779,

          Plaintiff,

v.                                             **ORDER**
                                               04-CV-1030S

D. KHAM, M.D.,
D. NELLIST, R.N.,
D. BUYN, and
REGISTERED NURSE BARLOW

          Defendants.

1.     Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 on December 27, 2004, asserting that the Monroe County Hospital denied him necessary medical care for injuries he sustained on June 12, 2003 when he fell while exiting the shower area of the Monroe County Jail where he was then incarcerated. An Amended Complaint (Docket No. 5) was on filed July 5, 2005, asserting the same claims against the current individual Defendants and discontinuing against the Monroe County Hospital. Defendants' Answer (Docket No. 9) was filed on March 24, 2006. The Answer did not plead, as an affirmative defense, that Plaintiff failed to exhaust the administrative remedies available to him relating to the claims asserted in the Amended Complaint.

2.     This case was originally assigned to Senior District Court Judge John T. Elfvin. Judge Elfvin referred to Magistrate Judge Leslie G. Foschio for the disposition of all non-dispositive matters and to hear and report upon applications for injunctive relief. (Docket No. 12). The case was reassigned to the undersigned when Judge Elfvin took

inactive status and this Court, *nunc pro tunc,* refers it to Magistrate Judge Foschio to hear and report on all dispositive motions pursuant to 28 U.S.C. §636(b)(1)(B).

3. On January 24, 2007, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. (Docket No. 26). Defendants' motion relied principally on the argument that Plaintiff failed to exhaust his administrative remedies prior to commencing this action, as required by the Prison Litigation Reform Act of 1995 (PLRA). On December 12, 2007, Judge Foschio issued a Report and Recommendation (R&R), recommending that the motion be denied based on Defendants' failure to plead such as an affirmative defense it their Answer.

4. On December 27, 2007 Defendants timely filed Objections to this R&R in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72.3. (Docket No. 43).

5. A District Court judge "shall make a *de novo* determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made...[and] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C). This Court, after careful review of the Report and Recommendation, the pleadings, the materials submitted by the parties in support of and in opposition to Defendants' Motion to Dismiss, and Defendants' Objections to the R&R, has made such a *de novo* determination.

6. Judge Foschio correctly held that an inmate's failure to exhaust administrative grievance procedures as required under the PLRA is an affirmative defense and a defendant's failure to assert such failure to exhaust in the answer results in a waiver of the

defense. (Docket No. 42, p. 5) (*citing* Jones v. Bock, __ U.S. __, 127 S.Ct. 910, 921-22 (2007). While the Magistrate Judge referenced a 2007 Supreme Court case regarding this waiveable affirmative defense rule, it is neither a new nor novel concept in this Circuit:

> The failure to exhaust available administrative remedies is an affirmative defense. Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir.1999). We have in the past instructed district courts, on remand, to consider "whether defendants waived compliance with the exhaustion requirement by failing to raise it." Davis v. New York, 316 F.3d 93, 101 (2d Cir.2002). At least two other circuits have explicitly held that the PLRA's exhaustion requirement may be waived, *see* Perez v. Wisc. Dep't of Corr., 182 F.3d 532, 536 (7th Cir.1999); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir.2001). We today join them and hold that this defense is waiveable.

Johnson v. Testman, 380 F.3d 691, 695 (2d Cir. 2004). Judge Foschio also correctly found that Defendants' Answer herein did not plead that Plaintiff failed to exhaust his administrative remedies prior to filing suit and, therefore, it was waived. Once waived, any argument based on this defense will not be considered by this Court, not even in a converted Motion for Summary Judgement, as Defendants seem to be urging in their Objections.

IT HEREBY IS ORDERED, that this Court, *nunc pro tunc,* refers this case to Judge Foschio to hear and report on all dispositive motions pursuant to 28 U.S.C. §636(b)(1)(B).

FURTHER, that this Court accepts Judge Foschio's Report and Recommendation in its entirety, including the authorities cited and the reasons given therein.

FURTHER, that the Defendants' Motion to Dismiss (Docket No. 26) is DENIED.

FURTHER, that Defendants' Objections (Docket No. 43) are DENIED,

FURTHER, that this matter is remanded back to Magistrate Judge Foschio.

SO ORDERED.

Dated: March 26, 2008
       Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge