UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SIMON MENDEZ, 03-B-2779,                                          **DECISION**
                              Plaintiff,                            **and**
        v.                                                        **ORDER**

REGISTERED NURSE BARLOW,                              **04-CV-1030S(F)**
D. BUYN, D. KHAM, M.D. and
D. NELLIST, R.N.
                              Defendants.


APPEARANCES:          SIMON MENDEZ, *Pro Se*
                      03-B-2779
                      Eastern Correctional Facility
                      Institution Road, Box 338
                      Napanoch, New York 12458

                      AUGELLO & MATTELIANO, LLP
                      Attorneys for the Defendants
                      JOSEPH A. MATTELIANO, of Counsel
                      17 Court Street, Suite 200
                      Buffalo, New York   14202


## JURISDICTION

This case was referred to the undersigned for all pretrial matters by the Hon.

John T. Elfvin on June 13, 2006.  It is now before the court on Defendants' motion to

amend the Second Amended Scheduling Order (Doc. No. 44) filed January 21, 2008,

and Defendants' motion to strike Plaintiff's opposition (Doc. No. 47) filed February 18,

2008.


## BACKGROUND

In this civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges a

violation of his rights under the Eighth Amendment based on Defendants' alleged failure

to provide medical treatment for a serious injury to his lower back following Plaintiff's fall

in a shower while Plaintiff was held in the Monroe County jail where Defendants were

employed as medical care staff.

By papers filed January 21, 2008, Defendants move to amend (Doc. No. 44)

("Defendants' motion") the Second Amended Scheduling Order filed May 24, 2007

(Doc. No. 38) including the Affidavit of Joseph A. Matteliano, Esq. ("Matteliano

Affidavit") and Defendants' Memorandum of Law in Support of Motion to Amend

Scheduling Order ("Defendants' Memorandum").   Specifically, Defendants seek

additional time to file a motion for leave to file an amended answer raising as an

affirmative defense Plaintiff's failure to exhaust administrative remedies.   On February

12, 2008, Plaintiff filed the Affidavit of Simon Mendez in opposition, Plaintiff's Reply to

Defendant's [*sic*] Notice of Motion to Amend Scheduling Order  (Doc. No. 46) ("Plaintiff's

Reply" or "Mendez Affidavit").   On February 18, 2008, Defendants moved to strike

Plaintiff's Reply (Doc. No. 47) ("Defendants' Motion to Strike").   On February 28, 2008,

Plaintiff filed a letter in opposition to Defendants' Motion to Strike (Doc. No. 48)

("Plaintiff's Reply/Response").   Oral argument was deemed unnecessary.


### FACTS[1]

This action was commenced on December 27, 2004 against the Monroe County

Hospital.   Thereafter, Plaintiff filed, on July 5, 2005, an amended complaint against

Defendants, a physician, registered nurses and a medical staff member employed by

---

[1] Taken from the pleadings and papers filed in this action.

the Monroe County Jail where Plaintiff was being held in custody at the time he sustained serious injury, following a fall in the jail's shower, to his lower back.  Plaintiff alleges Defendants failed to promptly diagnose and treat this injury causing Plaintiff unnecessary pain and suffering, and permanent injury.  Because of significant delay in effecting service upon the Defendants by the United States Marshal's Service, Defendants answered the Amended Complaint on March 24, 2006 ("Answer") but did not assert, as an affirmative defense, that Plaintiff failed to exhaust administrative remedies, in the form of a grievance, as required under the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) ("§1997e(a)").

On August 22, 2006, a scheduling order was filed, pursuant to Fed.R.Civ.P. 16(b), directing, *inter alia*, that any motion to amend the pleadings be filed not later than October 2, 2006 and that discovery conclude by June 1, 2007 (Doc. No. 17) ("the Scheduling Order").  On January 24, 2007, Defendants moved to amend the Scheduling Order to address difficulties in arranging for an independent medical examination of Plaintiff (Doc. No. 27), and, by order filed February 1, 2007, the Scheduling Order was amended, *inter alia*, to enlarge the period to June 29, 2007 conclusion of discovery ("Amended Scheduling Order") (Doc. No. 29).  No change to the Scheduling Order's cut-off date, October 2, 2006, for motions to amend the pleadings was requested or included in the Amended Scheduling Order.  On May 23, 2007, Defendants moved to amend the Amended Scheduling Order (Doc. No. 37) to accommodate the need to conduct an independent medical examination of Plaintiff.  On May 24, 2007, a Second Amended Scheduling Order was filed amending the Amended Scheduling Order to enlarge the period to October 31, 2007 and September 28, 2007, respectively, for

3

completion of discovery and expert disclosures ("Second Amended Scheduling Order") (Doc. No. 38).  As with the Amended Scheduling Order, no additional period for motions to amend the pleadings was requested or included in the Second Amended Scheduling Order.

As noted, on January 24, 2007, Defendants moved to dismiss the action, pursuant to Fed.R.Civ.P. 12(b)(6), based on Plaintiff's failure to allege exhaustion of administrative remedies as required by § 1997e(a).  On December 12, 2007, the undersigned issued a Report and Recommendation recommending that Defendants' motion be denied (Doc. No. 42) ("the R&R").  Specifically, this court found that § 1997e(a)'s exhaustion requirement is an affirmative defense and that, unless pleaded as an affirmative defense to a prisoner civil rights action brought pursuant to § 1983, such defense is waived.  R&R at 5 (citing *Jones v. Bock*, 549 U.S. 199, ___, 127 S.Ct. 910, 921-22 (2007)).  The court further found that as, in this case, Defendants never pleaded Plaintiff's failure to comply with §1997e(a) as an affirmative defense in the Answer, Defendants had waived such defense, and that, based on such waiver, Defendants' motion to dismiss on this sole ground for relief was without merit and should be denied.  *Id.*  Defendants timely filed, on December 27, 2007, objections to the R&R (Doc. No. 43).  On March 26, 2008, District Judge Skretny accepted the R&R (Doc. No. 49) ("Order"), and denied Defendants' motion on the ground that under *Bock, supra*, Defendants had waived the affirmative defense otherwise available under § 1997e(a) by failing to plead it.  Order at 4.

**DISCUSSION**

Where the court has entered a scheduling order pursuant to Fed.R.Civ.P. 16(b) ("Rule 16(b)") providing a cut-off date for motions seeking leave to serve amended pleadings, the liberal standard of Fed.R.Civ.P. 15(a)(2) that such leave should be freely granted in the interest of justice does not apply. *Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, 244-45 (2d Cir. 2000). Instead, the moving party must first meet the more stringent requirement, set forth by Rule 16(b), that a party seeking leave to amend the pleadings beyond the date established for filing such motions to amend must demonstrate the existence of "good cause," Fed.R.Civ.P. 16(b), for such a belated request to amend. *See Kassner,* 496 F.3d at 243; *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 339-40. Under Rule 16(b), a finding of good cause "depends on the diligence of the moving party." *Parker,* 204 F.3d at 340. "'Good cause' means that scheduling deadlines cannot be met despite a party's diligence." *Carnrite v. Granada Hospital Group, Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997) (citing 6A Wright, Miller, Kane, FEDERAL PRACTICE AND PROCEDURE, § 1522.1 at 231 (2d ed. 1999)). Specifically, "[f]or purposes of Rule 16, a showing of 'good cause' requires 'the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Carnrite, supra* (citing and quoting cases). Although the absence of prejudice to the non-moving party is relevant to the exercise of the court's discretion, it does not satisfy the good cause requirement. *Id.* (citing *Amcast Indus. Corp. v. Detrex Corp.,* 132 F.R.D. 213, 218 (N.D. Ind. 1990)). *See also Kassner,* 496 F.3d at 244 ("the primary consideration is whether the moving party can demonstrate diligence.") (citing *Parker*, 204 F.3d at 339-40).

In support of the instant motion, Defendants argue that when Defendants filed, on January 24, 2007, their motion to dismiss asserting Plaintiff's failure to comply with § 1997e(a), "the law did not require pleading the affirmative defense of exhaustion of administrative remedies in the Answer." Defendants' Memorandum at 4. Thus, according to Defendants, the Supreme Court's decision in *Bock, supra*, constituted "a significant change in the law" applicable to this case and, as such, constitutes "good cause" for purposes of Rule 16(b)'s requirement. *Id.* at 3 (citing *Oxaal v. Internet Pictures Corp.*, 2002 WL 485704 *1-2 (Mar. 27, 2002 N.D.N.Y.). Defendants' contention fails because contrary to Defendants' assertion, the applicable law did not change.

Prior to January 24, 2007, when Defendants' motion to dismiss was filed, the Second Circuit had, beginning in 1999, ruled in several published decisions that the exhaustion requirement of § 1997e(a) constituted an affirmative defense in a prisoner civil rights case. Specifically, in *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004) the court noted that in *Jenkins v. Haubert,* 179 F.3d 19, 28-29 (2d Cir. 1999) the court found the § 1997e(a) exhaustion requirement was an affirmative defense. *Jenkins, supra* ("A defendant in a prisoner § 1983 suit must [ ] assert as an affirmative defense the plaintiff's failure to comply with the PLRA's [exhaustion] requirements."). In *Johnson*, the court also noted that in a 2002 decision, *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002), it had directed district courts to consider whether a defendant's failure to plead the affirmative defense waived it. *Johnson*, 380 F.3d at 695. Thus, in *Johnson*, in 2004, the Second Circuit specifically held this affirmative defense was subject to waiver by virtue of a defendant's failure to timely raise it. *Id.* In finding

defendants in that case had waived the affirmative defense by failing to timely raise it, the court pointed out the absence of any basis on which defendants could have been "misled by the then - current <u>law of this circuit</u> into waiving its affirmative defense of non-exhaustion."  *Johnson*, 380 F.3d at 696 (underlining added).  No authority need be cited for the proposition that attorneys representing parties in this court (or any other court) are expected to familiarize themselves with the law applicable to matters for which they are responsible, and that relevant decisions of the Second Circuit are controlling precedent on matters before this court.  While it is correct, as Defendants state, Defendants' Memorandum at 4, that other courts, including at least one circuit court of appeals, the Sixth Circuit, *see Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), had held § 1997e(a) to be an element of a prisoner's civil rights actions, and not an affirmative defense, *Bock, supra,* 127 S.Ct. at 919-20, notably Defendants do not aver they relied upon such holdings in preparing their answer.

Defendants also imply that Plaintiff's admitted failure to plead compliance with § 1997e(a), should excuse Defendants' failure to comport with the prevailing Second Circuit caselaw and the Supreme Court's ruling in *Bock, supra*, on this issue. Defendants' Memorandum at 4-5 (citing to Plaintiff's Reply in Further Opposition to Defendant's [*sic*] Reply and Motion to Dismiss ¶ 19 (Doc. No. 33)).  To suggest, that a *pro se* prisoner's lack of legal acuteness should excuse counsel's pleading oversight so as to avoid a waiver of the affirmative defense is disingenuous.  Defendants' contention overlooks the Second Circuit's 1999 decision, *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999), specifically holding that exhaustion need not be pleaded in a prisoner civil rights complaint.  Simply, on this record, there is no basis to find that the *Bock*

7

decision represented a significant change in the law relevant to Defendants' motion to dismiss, or that Defendants were unfairly misled by either the state of such law in this circuit or a *pro se* prisoner's lack of legal knowledge in filing the action.  While courts have, as Defendants maintain, Defendants' Memorandum at 3, held that significant legal developments, arising after a Rule 16(b) scheduling order deadline for motions to amend, may constitute good cause, *Oxall, supra* at *1 (citing cases), the existence of several controlling Second Circuit precedents, decided well before Defendants filed their answer, requiring defendants in prisoner civil rights cases to timely plead the exhaustion of remedies affirmative defense or lose the defense by waiver, *Johnson*, 380 F.3d at 695, demonstrates unambiguously that no such significant change in law on that issue occurred in this case after the Scheduling Order was filed.

Finally, Defendants attempt to excuse their failure to plead § 1997e(a)'s requirements as an affirmative defense arguing that when Defendants' motion to dismiss raising the exhaustion defense was filed, a prisoner's complaint that failed to plead exhaustion of remedies was subject to dismissal by motion pursuant to Fed.R.Civ.P. 12(b)(6).  Defendants' Memorandum at 4 (quoting *McCoy v. Goord*, 255 F.Supp.2d  233, 249 (S.D.N.Y. 2003)).  Defendants' reliance on *McCoy, supra*, in support of Defendants' contention is unavailing.  In *McCoy,* the plaintiff's failure to exhaust was timely raised by defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)") shortly after the action was commenced.  *McCoy*, 255 F.Supp.2d at 240.  Whether defendants filed an answer or instead filed a Rule 12(b)(6) motion in lieu of answer is not stated in the court's decision.  *See Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 191-92 (2d Cir. 2006) (affirmative defense properly

raised on promptly filed Rule 12(b)(6) motion in lieu of answer).  Here, Defendants'
answer was filed March 24, 2006, (Doc. No. 9), and did not include § 1997e(a)'s
exhaustion requirement as an affirmative defense; as noted, Defendants' motion to
dismiss was not filed until January 2007.  Moreover, the court in *McCoy* specifically
noted that under prevailing Second Circuit law at that time, the defense of a prisoner's
non-exhaustion of administrative remedies under the PLRA need not be pleaded in a
complaint and that it was a waivable affirmative defense.  *McCoy*, 255 F.Supp.2d at 247
(citing cases including *Snider* and *Jenkins, supra*).  Thus, *McCoy* affords no support for
finding that Defendants were surprised by a "significant change in the law," and that
when Defendants filed their motion to dismiss "the law did not require pleading the
affirmative defense of exhaustion of administrative remedies in the Answer."
Defendants' Memorandum at 4.  As discussed, Discussion, *supra*, at 8, the Scheduling
Order for this case was filed August 22, 2006, two weeks after the Second Circuit's
decision in *Johnson, supra*.  To the contrary, consistent Second Circuit caselaw so
stated, since at least 1999, and two days prior to the filing of Defendants' motion, the
Supreme Court confirmed such holdings in *Bock*.

Defendants' reliance on a quotation from the *McCoy* decision in support of the
instant motion, Defendants' Memorandum 4, does not support Defendants' position.  In
*McCoy,* the court stated, as Defendants quote: "If failure to exhaust is apparent from the
face of the complaint, however, a Rule 12(b)(6) motion is the proper vehicle."
Defendant's Memorandum at 4 (quoting *McCoy,* 255 F.Supp.2d 233, 249).  However, in
*McCoy,* the court also stated: "An affirmative defense may be raised by a pre-answer
motion to dismiss under Rule 12(b)(6), without resort to summary judgment, if the

9

defense appears on the face of the complaint." *Id.* (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (2d Cir. 1998) (statute of limitations defense appearing on face of complaint may be reached on motion to dismiss)).  Thus, timely assertion of the exhaustion affirmative defense either in the answer or by a prompt Rule 12(b)(6) motion in lieu of answer, *Field Day, LLC, supra*, 463 F.3d at 191-92, preserves the defense for judicial determination; otherwise, as in this case, consistent with the relevant Second Circuit precedent, it is an affirmative defense that must be pleaded either by answer or a timely pre-answer to dismiss.  As such, *McCoy's* holding that a defendant's Rule 12(b)(6) motion, may request dismissal on the ground that the prisoner civil rights complaint fails to allege exhaustion, affords no support for Defendants' position that the issue could be adjudicated on Defendants' motion to dismiss filed after Defendants' failure to plead it or timely move to dismiss in lieu of an answer.  Here, as noted, Facts, *supra*, at 3, Defendants' answer was filed on March 24, 2006, and their Rule 12(b)(6) motion was filed about 10 months later on January 24, 2007.  As Chief Justice Roberts explained in *Bock*, "[i]f the allegations, for example, show that relief is barred by the applicable statue of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c)." *Bock*, 127 S.Ct. at 920-21. To find that Defendants have established good cause to permit a belated assertion of defense under § 1997e(a) would be tantamount to holding that despite the substantial progress of this case, including discovery, since the filing of the Amended Complaint in 2005, Defendants did not waive the affirmative defense.  Likewise, that Defendants could have, but failed to, interpose the § 1997e(a) defense by way of a prompt Rule

12(b)(6) motion in lieu of answer, does not thereby render the defense anything other than an affirmative defense subject to waiver.  *Id.*

As discussed, just as the record reveals no grounds to find good cause to permit a belated amended answer, Defendant's motion is futile as the record shows no basis for relieving Defendants of their waiver.  *See* Fed.R.Civ.P. 15(a) (motions to amend pleadings may be denied based on, *inter alia*, futility).  The fundamental rationale for requiring prompt interposition of an affirmative defense is to "place the opposing party on notice . . . so as to prevent surprise or unfair prejudice."  *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) (citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 350 (1971)).  Notwithstanding a defendant's untimely assertion of any affirmative defense, the defense may be nevertheless entertained by the court "absent undue delay."  *Saks,* 316 F.3d at 350 (citing cases). Here, the court finds Defendants' delay in asserting the defense by Defendants' Rule 12(b)(6) motion, given that Defendants were well-aware, based on Plaintiff's allegations of potential grounds for the defense, in attempting to assert it 10 months after service of the Amended Complaint, was "undue."  *See Parker,* 204 F.3d at 339-40 (court properly exercises its discretion under Rule 16(b) in denying motion to amend scheduling order to permit filing of amended complaint asserting new claim for relief because of, *inter alia,* "undue delay").

In sum, Defendants demonstrate no ground to conclude that good cause exists to justify Defendants' request to belatedly amend their answer to add the affirmative defense of Plaintiff's alleged failure to exhaust administrative remedies.  Even if allowing Defendants to do so at this late stage well after the close of discovery cannot be shown

to be of significant prejudice to Plaintiff, other than the obvious prejudice created by placing the issue back into the litigation and disruption of the court's case management orders, to grant Defendants the requested relief, will, in effect, constitute a 'second-bite-at-the-apple' for Defendants rewarding Defendants' failure to comply with prevailing Second Circuit law.  *See Parker,* 204 F.3d at 340 (citing and quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).  Additionally, such relief would be in contravention of Judge Skretny's determination that, as Defendants waived the defense, the "defense will not be considered by this court," Order at 3, a determination that is now the law of the case.

Defendants also moved to strike Plaintiff's response to Defendants' motion as untimely.  (Doc. No. 47).  Defendants argue that Plaintiff's response was filed on February 12, 2008, 11 days after the due date established by this court (Doc. No. 45). According to Plaintiff, his facility received the court's scheduling order on January 28, 2008, but did not arrange for Plaintiff's receipt until January 30, 2008 which, taken together with Plaintiff's limited access to law library assistance, made it nearly impossible for Plaintiff to comply strictly with the court's schedule.  Plaintiff's Reply/Response at 1 (Doc. No. 48).  Specifically, Defendants maintain consideration of Plaintiff's opposition is prejudicial to Defendants in that Defendants were thus unable to file a reply by the February 8, 2008 due date established on the court's order.

First, it is well-established that in addressing prisoner *pro se* litigation, courts must be mindful of the inherent restrictions on prisoners as well as their *pro se* status. *See George v. McLeod*, 1988 WL 661495, *1 (E.D.N.Y. Aug. 10, 1988) (refusing to hold incarcerated *pro se* plaintiff to strict 10-day time limit for filing response to motion); *Cook*

*v. City of New York*, 578 F.Supp. 179, 184 (S.D.N.Y. 1984) (unincarcerated *pro se*

plaintiff with limited resources not held to strict compliance with procedural

requirements).  Second, in reviewing Plaintiff's response (Doc. No. 46), the court finds

that nothing Plaintiff argued in opposition was so unanticipated by Defendants'

arguments, presented in support of Defendants' motion, as to warrant reply.

Specifically, rather than contend that good cause could not be established by

Defendants because prior Second Circuit caselaw held exhaustion to be a waivable

defense, Plaintiff sought to explain why § 1997e(a) should be inapplicable to Plaintiff's

case.  Doc. No. 46 (*passim*).  Because the controlling issue was not discussed by

Plaintiff in his Response, no reason for any reply by Defendants was presented.  If

Defendants believed Plaintiff's late response required a reply they were free to request

permission to do so, but they did not.  Accordingly, Plaintiff's belated filing of his

Response should not be stricken. *See Enron Oil Corp. v. Diakuhara*, 10 F.3 90, 97 (2d

Cir. 1993) (district court abused discretion by refusing to set aside default judgment

against *pro se* defendant).


## CONCLUSION

Based on the foregoing, Defendants' motion to amend the scheduling order (Doc.

No. 44) is DENIED; Defendants' motion to strike Plaintiff's Response (Doc. No. 47) is

DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 12, 2008
       Buffalo, New York